OPINION
{¶ 1} Defendant-appellant Kevin G. Myers ("Myers") brings this appeal from the judgment of the Court of Common Pleas of Hancock County ordering him to pay back interest on child support owed. For the reasons discussed below, the judgment is affirmed.
 {¶ 2} On April 30, 1991, plaintiff-appellee Joetta J. Wyatt ("Wyatt") was awarded a lump sum judgment in the amount of $5,700.00 for past due child support and $6,944.00 for birth-related expenses. Interest was granted on the judgments at the statutory rate until paid in full. In 2005, Myers requested an audit of his account. The Hancock County Child Support Enforcement Agency ("the Agency") determined that the original interest on the judgment had not been charged to Myers. On April 14, 2006, the Agency filed a motion to establish a payment on the judgment interest. A hearing was held on July 18, 2006, and March 7, 2007. After that hearing, the magistrate determined that Myers still owed Wyatt $7,045.87 in interest. The magistrate then recommended that Myers pay $100 per month without processing charge as the mistake was that of the Agency. The magistrate also recommended that all costs of the proceedings would be paid by the Agency as it was responsible for mistakenly telling Myers that the 1991 judgment was paid in full. Myers filed objections to the magistrate's *Page 3 
report. On October 18, 2007, the trial court overruled the objections and ordered Myers to pay the obligation.
 {¶ 3} Myers appeals from this judgment and claims that he should not have to pay the interest on the judgment since the Agency told him in 2001 that the judgment had been paid in full. Myers claims that since the Agency was responsible for collecting the debt and mistakenly forgot to include the interest, the Agency should be responsible for paying that debt.
 {¶ 4} This court has previously addressed the question raised by Myers in Adams v. Adams, 3rd Dist. No. 5-02-20, 2002-Ohio-5319.In Adams, the husband was ordered to pay the wife $5,000 plus interest as part of the property division. The payments were ordered to be collected through the Agency. Like Myers, the husband in Adams was mistakenly informed by the Agency that his debt was paid in full. The trial court ordered the husband to pay the remaining balance, but stopped the accumulation of additional interest due to the Agency's mistake. This court reviewed that judgment and affirmed that portion of the judgment. This court held that "[o]nce a judgment is entered, the debtor is required to pay it with simple interest, as required by the court, until it is paid in full." Id. at ¶ 24.
 {¶ 5} Like the appellant in A dams, Myers was mistakenly told that his debt was paid in full. However, an audit of the account showed that the interest between the 1991 judgment and the final payment on the principal was still *Page 4 
outstanding. Due to the mistake of the Agency, Myers is no longer liable for any additional interest. However, he is still liable for the amount owed pursuant to the 1991 judgment entry. The assignment of error is overruled.
 {¶ 6} The judgment of the Court of Common Pleas of Hancock County, Juvenile Division, is affirmed.
Judgment Affirmed.
 SHAW, P.J., and ROGERS, J., concur. *Page 1